ELISE L. BONINE (SBN 349871)
elise.bonine@afslaw.com
**ARENTFOX SCHIFF LLP**
44 Montgomery Street
38th Floor
San Francisco, CA 94104
Telephone: 415.757.5500
Facsimile: 415.757.5501

Attorneys for Defendant
DOREL HOME FURNISHINGS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIA AGUILLARD,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC.; DOREL INDUSTRIES, INC. dba COSCO HOME & OFFICE PRODUCTS; DOREL HOME FURNISHINGS, INC.; AND DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT DOREL HOME FURNISHINGS, INC.'S NOTICE OF REMOVAL** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant DOREL HOME FURNISHINGS, INC. ("DHF"), hereby removes the above-referenced action from the Superior Court of the State of California, County of Los Angeles (Case Number 26STCV00351) to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the following grounds:

1.    On January 6, 2026, Plaintiff Kia Aguillard ("Plaintiff") commenced a civil action against DHF, Dorel Industries, Inc. d/b/a Cosco Home

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT DOREL HOME
FURNISHINGS, INC.'S NOTICE OF
REMOVAL

and Office Products ("Dorel Industries"), WALMART, INC. ("Walmart") and DOES 1 to 50 by filing a Complaint in the Superior Court of the State of California, County of Los Angeles. The Complaint alleges that Plaintiff fell to the ground and suffer a sprained wrist and ongoing pain and suffering after attempting to sit in a chair, which unexpectedly collapsed.

2.      On January 7, 2026, DHF was first served with a copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Assignment and Case Management Conference. True and correct copies of the foregoing are attached hereto as **Exhibit A** and incorporated herein by reference.

3.      Other documents which DHF considers process, pleading or orders include the Clerk's Certificate of Service by Electronic Service and the filed Proof of Service on Walmart. True and correct copies of the foregoing are attached hereto as **Exhibit B** and incorporated herein by reference.

4.      The Complaint is the only pleading filed in the Superior Court of the State of California, County of Los Angeles, and there are no pending motions that would require action by this Court after removal.

## JURISDICTION

5.      This action is one over which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one that may be removed to this Court pursuant to provisions of U.S.C. § 1441 because it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.      Complete diversity exists between the parties.

a.      Plaintiff is a citizen of California.[1]

---

[1] Plaintiff provided Ms. Aguillard's address, which is in California, in a settlement demand letter received by DHF. Medical records attached to this demand letter also indicate Ms. Aguillard lives in California. Because the demand letter is labelled confidential and contains confidential settlement negotiations, DHF has not attached it as an exhibit hereto and has referred only to the portions of it necessary to establish the jurisdictional facts for removal. However, DHF will make this communication available to the court *in camera* upon request.

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

DEFENDANT DOREL HOME
FURNISHINGS, INC.'S NOTICE OF
REMOVAL

b.      Defendant DHF is, and was at the time of filing, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Missouri.

c.      Defendant Dorel Industries is, and was at the time of filing, a Canadian corporation that is neither incorporated nor headquartered in the United States.

d.      Upon information and belief, Walmart is a corporation that is, and at all relevant times was, incorporated in Delaware and headquartered in Arkansas.

7.      Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for the purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). Thus, the existence of Doe Defendants 1-50, inclusive, does not deprive this Court of jurisdiction.

## THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000 EXCLUSIVE OF INTEREST AND COSTS

8.      "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). DHF is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). DHF can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198.

//

//

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

DEFENDANT DOREL HOME FURNISHINGS, INC.'S NOTICE OF REMOVAL

9. A settlement demand letter is relevant evidence to establish the amount in controversy as long as it "appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

10. On or about May 15, 2025, DHF received a settlement demand letter ("Demand Letter"). With the Demand Letter, Plaintiff provided her medical records, which appear to show that she suffered a sprained wrist for which she sought medical treatment. They also appear to show that she has received on-going treatment for pain that she alleges she continues to experience as a result of the fall at issue.

11. The Demand Letter also provides a detailed breakdown of Plaintiff's damages, including medical expenses which have allegedly already been incurred, future medical expenses and "general damages"—altogether resulting in an amount more than $100,000 in excess of $75,000.[2]

12. To the extent the Court is inclined to disagree that damages in excess of $75,000 are at issue, the Court may exercise its discretion and permit the parties to conduct reasonable jurisdictional discovery in advance of any ruling on the propriety of this removal. *Edwards v. Flight Ctr. Ltd.,* No. CV0907002MMMVBKX, 2010 WL 11596561, at *10 (C.D. Cal. Apr. 12, 2010).

13. Therefore, this civil action is one over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by DHF pursuant to 28 U.S.C. § 1441.

### VENUE

14. Venue is proper in the Central District of California because Plaintiff filed her Complaint in the Superior Court of the State of California, County of Los Angeles. *See* 28 U.S.C. §§ 1441, 1446(a) and 84(c)(1).

//

---

[2] Because the letter is labelled confidential and contains confidential settlement negotiations, DHF has not attached it as an exhibit hereto and has not included the specific dollar amount demanded by the plaintiff. Should Plaintiff contest that the amount in controversy exceeds the jurisdictional minimum or should the Court request it, DHF will make this communication available to the Court *in camera*.

## CONSENT

15.    Counsel for DHF has corresponded with counsel for Walmart, who has indicated that Walmart consents to the removal of this action, as required by 28 U.S.C. § 1446(b)(2). *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (explaining that a defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient).

16.    The undersigned also represents Dorel Industries, and Dorel Industries consents to the removal of this action, as required by 28 U.S.C. § 1446(b)(2).

17.    Upon information and belief, the fictitious defendants DOES 1-50 have not yet been served or joined properly in this action, and therefore their consent is not required at this time.    *See Baker v. Wells Fargo Bank, N.A.*, No. 116CV01943LJOEPG, 2017 WL 1353749, at *4 (E.D. Cal. Apr. 12, 2017) (explaining that consent of unknown or fictitious defendants is not required by the plain language of the removal statute).

## TIMELINESS

18.    This Notice of Removal is timely filed within 30 days of service of the Complaint on DHF on January 7, 2026. *See* 28 U.S.C. § 1446(b)(1).

## NOTICE TO ADVERSE PARTY AND STATE COURT

19.    A copy of this Notice of Removal is being served on Plaintiff through Plaintiff's attorney of record and filed with the Superior Court of the State of California, County of Los Angeles.

//
//
//
//
//
//

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

DEFENDANT DOREL HOME
FURNISHINGS, INC.'S NOTICE OF
REMOVAL

## CONCLUSION

WHEREFORE, DHF hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court of the Central District of California.

Dated:      February 6, 2026       **ARENTFOX SCHIFF LLP**

By: _____
Elise L. Bonine
Attorneys for Defendant
DOREL HOME FURNISHINGS

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

DEFENDANT DOREL HOME
FURNISHINGS, INC.'S NOTICE OF
REMOVAL

# EXHIBIT A

Wolters Kluwer

## Service of Process Transmittal Summary

**TO:**   Nikki Bunch
Dorel Home Furnishings, Inc.
2525 STATE ST
COLUMBUS, IN 47201-7443

**RE:**   **Process Served in California**

**FOR:**   Dorel Home Furnishings, Inc.  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KIA AUGUILLARD // To: Dorel Home Furnishings, Inc. |
| **CASE #:** | 26STCV00351 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | National Registered Agents, Inc, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/07/2026 at 13:49 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Nikki Bunch  nicole.bunch@dorel.com |
| **REGISTERED AGENT CONTACT:** | National Registered Agents, Inc |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Jan 7, 2026
**Server Name:**                   Jimmy Lizama

| | |
|---|---|
| Entity Served | DOREL HOME FURNISHINGS, INC. |
| Case Number | 26STCV00351 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Walmart Inc.; Dorel Industries, Inc. d/b/a Cosco Home & Office Products; Dorel Home Furnishings, Inc.; and Does 1-50 Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Kia Auguillard

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**1/06/2026 5:38 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By E. Galicia, Deputy Clerk**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
**26STCV00351**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Azizi, Esq. #198803, 4041 Wilshire Blvd., Suite 200, Los Angeles, CA 90010, (310) 284-9600

David W. Slayton, Executive Officer/Clerk of Court

DATE: 01/06/2026
*(Fecha)*

Clerk, by E. Galicia
*(Secretario)*

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Dorel Home Furnishings, Inc.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

**SUMMONS**

David Azizi, Esq. (SBN 198803)
Jason Smith, Esq. (SBN 312266)
LAW OFFICES OF DAVID AZIZI
4041 Wilshire Blvd., Suite 200
Los Angeles, California 90010
Tel: (310) 284-9600
Fax: (888) 400-8944
mail@azizilawfirm.com

Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/06/2026 5:38 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KIA AUGUILLARD<br><br>                    Plaintiff,<br><br>               v.<br><br>WALMART   INC.;   DOREL   INDUSTRIES, INC., d/b/a COSCO HOME & OFFICE PRODUCTS;        DOREL        HOME FURNISHINGS,  INC.;  AND  DOES  1-50 INCLUSIVE,<br><br>                    Defendants. | CASE NO. 26STCV00351<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  NEGLIGENCE;<br>2.  NEGLIGENT PRODUCTS LIABILITY;<br>3.  STRICT PRODUCTS LIABILITY FOR FAILURE TO WARN;<br>4.  STRICT PRODUCTS LIABILITY FOR DEFECTIVE DESIGN; and<br>5.  STRICT PRODUCTS LIABILITY FOR DEFECTIVE MANUFACTURING |

Plaintiff, KIA AUGUILLARD alleges as follows;

## FACTS COMMON TO ALL CAUSES OF ACTION

1.  Plaintiff, KIA AUGUILLARD at all times herein mentioned in this case was sustained severe bodily injuries.

2.  Plaintiff is informed and believes and thereon alleges that Defendant, WALMART INC., is, and at all times herein mentioned, a corporation by and under the laws and

- 1 -
COMPLAINT FOR DAMAGES

constitution of the State of California and doing business in the County of Los Angeles, State of California.

3. Plaintiff is informed and believes and thereon alleges that at all relevant time mentioned herein, Defendant, DOREL INDUSTRIES, INC., d/b/a COSCO HOME & OFFICE PRODUCTS, was and is corporation, formed and organized in the State of California and manufactured the subject chair.

4. Plaintiff is informed and believes and thereon alleges that at all relevant time mentioned herein, Defendant, DOREL HOME FURNISHINGS, INC., was and is corporation, formed and organized in the State of California and manufactured the subject chair.

5. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 50, Inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the said fictitiously named Defendants are responsible in some manner for the occurrence herein alleged, and that Plaintiff's injuries herein alleged were proximately caused by their acts.

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the Defendants sued herein as Does 1 to 50, inclusive, were the agents and/or employees of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency and employment.

7. Defendants invited the general public, including Plaintiff, to enter their property.

//

//

- 2 -
COMPLAINT FOR DAMAGES

8. On or about February 29, 2024, Plaintiff was lawfully on Defendants' premises for the mutual benefit of Plaintiff and the Defendants. At such time and place, Defendants, as the sellers and manufacturers of the subject chair, allowed a dangerous condition, namely a defective and unsafe chair, to be placed into the stream of commerce resulting in injury to Plaintiff, KIA AUGUILLARD. On such date and time, when Plaintiff attempted to sit on the subject chair, it collapsed causing Plaintiff to sustain severe injuries. Additionally, Defendants' failure to properly design, manufacture, inspect, and test the subject chair contributed to the cause of the subject accident.

## **FIRST CAUSE OF ACTION**

### **(NEGLIGENCE- DEFENDENTS- WALMART INC.; AND DOES 1-50 INCLUSIVE)**

9. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

10. On or about February 29, 2024, Defendants WALMART INC. and Does 1–50 Inclusive, designed, manufactured, assembled, inspected, tested, distributed, and sold the subject chair, and notwithstanding Defendants' duty to exercise reasonable care in designing, manufacturing, inspecting, and selling products that are safe for their intended and foreseeable use, allowed a dangerous and defective chair to enter the stream of commerce. Defendants knew or should have known that failure to properly design, manufacture, inspect, test, and warn of the inherently dangerous condition of the subject chair would cause severe injuries and even deaths.

11. Furthermore, Defendants, WALMART INC. and Does 1–50 Inclusive, designed, manufactured, assembled, distributed, and/or sold the subject defective chair. Defendants knew and/or should have known of the dangerous condition of the chair but failed to warn, inspect, or remedy the hazardous condition. The dangerous and defective condition posed a hazard to the public when used with due care. Defendants

- 3 -
COMPLAINT FOR DAMAGES

and their employees failed to properly design, manufacture, inspect, test, and warn regarding the subject product.

12. Defendants, WALMART INC. and Does 1-50 Inclusive, knew or should have known that there had been numerous prior incidents. Notwithstanding such knowledge by the Defendants, they took insufficient action to protect the public such as Plaintiff.

13. As a further proximate result of the subject dangerous condition, and the failure of the Defendant to inform Plaintiff, KIA AUGUILLARD of said condition and/or remedy the dangerous condition, Plaintiff was severely injured.

14. Plaintiff requires and will in the future, employ physicians and surgeons to examine, treat and care for Plaintiff, employ specially trained persons to supply care and service now and in the future, incur medical and incidental expenses for such care and services. The exact amount of such expense is unknown to Plaintiff at this time and Plaintiff will ask leave of Court to amend this Complaint to set forth the exact amount, including prejudgment interest, when the same has been ascertained.

15. As a further, direct and proximate result of the subject dangerous condition, which created a dangerous hazard by the Defendants, and each of them, Plaintiff, KIA AUGUILLARD has incurred and will in the future incur consequential and incidental expenses, and all additional economic losses such as loss of earnings, loss of earning capacity and future loss of earnings in an amount presently unknown, subject to proof at the time of trial and all legally permitted interest, when the same has been ascertained.

//

//

//

- 4 -
COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

**(NEGLIGENT PRODUCTS LIABILITY- DEFENDENTS- DOREL INDUSTRIES, INC., d/b/a COSCO HOME & OFFICE PRODUCTS; DOREL HOME FURNISHINGS, INC.; AND DOES 1-50 INCLUSIVE)**

16. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

17. On or before February 29, 2024, Defendants, DOREL INDUSTRIES, INC., d/b/a COSCO HOME & OFFICE PRODUCTS; DOREL HOME FURNISHINGS, INC.; and Does 1-50 Inclusive, owned, installed, serviced, tested, inspected, maintained, modified, changed, designed, remanufactured, and furnished a certain product described hereto as the subject chair. Defendants owed a duty of ordinary care or skill to Plaintiff in owning, installing, assembling, testing, inspecting, maintaining, modifying, changing, designing, re-manufacturing, and furnishing the subject chair to prevent and/or eliminate any safety hazards and dangerous incidents from happening and therefore avoid Plaintiff to become injured and/or harmed.

18. At all relevant times herein mentioned, Defendants breached their duty of ordinary care or skill in that they negligently, wantonly, carelessly, recklessly, and/or unlawfully owned, installed, assembled, tested, inspected, maintained, modified, changed, designed and re-manufactured, and furnished the subject chair so as to cause, permit and/or allow the same to be in a dangerous, defective, and unsafe condition, and such acts and/or omissions were a substantial factor contributing to the injuries suffered by Plaintiff as herein alleged.

19. Defendants had actual knowledge, must have known, should have known or had reason to know that the subject chair posed a serious risk of bodily harm to Plaintiff.

//

- 5 -

COMPLAINT FOR DAMAGES

20. As a legal cause of Defendants' negligence, as herein alleged, Plaintiff sustained injuries and damages and was hurt and injured in her health, strength, and activity, sustaining injuries to her person and body, all of which said injuries have caused and continue to cause Plaintiff great physical, mental and nervous pain and suffering, and mental anguish, and sustain other non-economic damages in an amount according to proof at the time of trial.

21. As an additional legal cause of Defendants' negligence, as herein alleged, Plaintiff was compelled to employ health care providers, including but not limited to hospitals, physicians and surgeons, and will continue, in the future, to incur expenses for health care providers, and sustain other economic damages in an amount according to proof at the time of trial.

22. As a further legal cause of Defendants' negligence, as herein alleged, Plaintiff suffered a loss of earning capacity and will continue to suffer a loss of earning capacity in the future, the exact extent and amount of which is unknown to Plaintiff at this time, but in an amount according to proof at the time of trial.

## THIRD CAUSE OF ACTION

**(STRICT PRODUCTS LIABILITY FOR FAILURE TO WARN- DEFENDENTS- DOREL INDUSTRIES, INC., d/b/a COSCO HOME & OFFICE PRODUCTS; DOREL HOME FURNISHINGS, INC.; AND DOES 1-50 INCLUSIVE)**

23. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

24. Defendants, DOREL INDUSTRIES, INC., d/b/a COSCO HOME & OFFICE PRODUCTS; DOREL HOME FURNISHINGS, INC.; and Does 1-50 Inclusive were the designers, assemblers, manufacturers, suppliers, distributors, of the subject chair. The

- 6 -

COMPLAINT FOR DAMAGES

defect in design of the subject chair existed when the subject chair collapsed causing Plaintiff to fall to the ground and sustain serious and continuing injuries. The subject chair possessed a dangerous defect in its design in that it was neither equipped with nor supplied with safety features/devices, to prevent any safety hazard and dangerous incidents from happening. Despite the subject defective product as herein alleged, it did not bear any form of warning labels, either written or pictorial, warning of said dangerous propensities. Accordingly, the subject dangerously unsafe chair was unreasonably dangerous to be used by Plaintiff and without a suitable warning. The foregoing defects in design were a legal cause of injury to Plaintiff.

25. Further, the subject chair had potential risks that were known or knowable by Defendants at the time of the manufacture/distribution/sale. Defendants knew or should have known that the potential risks presented a substantial danger to customers, such as Plaintiff, when the subject chair is used in an intended or reasonably foreseeable manner. As a result, Plaintiff was injured while the product, the subject chair, was being used in an intended or reasonably foreseeable manner.

26. Plaintiff's injuries as herein alleged, resulted from an unfortunate incident wherein the subject chair at Defendants' premises lacked from a safety measure in a manner that was reasonably foreseeable by all Defendants, as herein alleged.

27. As a legal cause of Defendants' failures to warn, as herein alleged, Plaintiff sustained injuries and damages and was hurt and injured in her health, strength, and activity, sustaining injuries to her person and body in an amount according to proof at the time of trial.

28. As a legal cause of Defendants' failure to warn, as herein alleged, Plaintiff was compelled to employ health care providers, including but not limited to hospitals,

- 7 -
COMPLAINT FOR DAMAGES

physicians and surgeons, and will continue, in the future, to incur expenses for health care providers, and sustain other economic damages in an amount according to proof at the time of trial.

29. As a legal cause of Defendants' failure to warn, as herein alleged, Plaintiff suffered a loss of earning capacity and will continue to suffer a loss of earning capacity in the future, the exact extent and amount of which is unknown to Plaintiff at this time, but in an amount according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

**(STRICT PRODUCTS LIABILITY FOR DEFECTIVE DESIGN- DEFENDENTS- DOREL INDUSTRIES, INC., d/b/a COSCO HOME & OFFICE PRODUCTS; DOREL HOME FURNISHINGS, INC.; AND DOES 1-50 INCLUSIVE)**

30. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

31. Defendants, DOREL INDUSTRIES, INC., d/b/a COSCO HOME & OFFICE PRODUCTS; DOREL HOME FURNISHINGS, INC.; and Does 1-50 were the designers, assemblers, manufacturers, suppliers, distributors, of the subject chair. The defect in design of the subject chair existed when the subject chair lacked safety measures which caused the subject chair to collapse while the subject chair was in use by Plaintiff. The subject chair possessed a dangerous defect in its design in that it was neither equipped with nor supplied with proper safety features/devices to prevent any safety hazard or dangerous incidents from happening. Despite the subject defective product as herein alleged, it did not bear any form of warning labels, either written or pictorial, warning of said dangerous propensities. Accordingly, the subject dangerously unsafe chair was unreasonably dangerous to be in use by Plaintiff. The foregoing defects in design were a legal cause of injury to Plaintiff.

- 8 -
COMPLAINT FOR DAMAGES

32. Plaintiff's injuries as herein alleged, resulted from an unfortunate incident wherein the subject chair lacked from safely measures in a manner that was reasonably foreseeable by all Defendants, as herein alleged.

33. As a legal cause of Defendants' failures to warn, as herein alleged, Plaintiff sustained injuries and damages and was hurt and injured in her health, strength, and activity, sustaining injuries to her person and body in an amount according to proof at the time of trial.

34. As a legal cause of Defendants' failure to warn, as herein alleged, Plaintiff was compelled to employ health care providers, including but not limited to hospitals, physicians and surgeons, and will continue, in the future, to incur expenses for health care providers, and sustain other economic damages in an amount according to proof at the time of trial.

35. As a legal cause of Defendants' failure to warn, as herein alleged, Plaintiff suffered a loss of earning capacity and will continue to suffer a loss of earning capacity in the future, the exact extent and amount of which is unknown to plaintiff at this time, but in an amount according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

**(STRICT PRODUCTS LIABILITY FOR MANUFACTURING DEFECT - DEFENDANTS-DOREL INDUSTRIES, INC., d/b/a COSCO HOME & OFFICE PRODUCTS; DOREL HOME FURNISHINGS, INC.; AND DOES 1-50 INCLUSIVE)**

36. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

COMPLAINT FOR DAMAGES

Case 2:26-cv-01259-JLS-AS   Document 1   Filed 02/06/26   Page 20 of 38   Page ID #:20

37. Defendants, DOREL INDUSTRIES, INC., d/b/a COSCO HOME & OFFICE PRODUCTS; DOREL HOME FURNISHINGS, INC.; and Does 1-50 were the designers, assemblers, manufacturers, suppliers, distributors, of the subject chair. The defect in design of the subject chair existed when the subject chair collapsed while Plaintiff attempted to sit on the chair. The subject chair possessed a dangerous defect in its design in that it was neither equipped with nor supplied with a proper safety features/devices, to prevent any safety hazard and dangerous incident from happening. Despite the subject defective product as herein alleged, it did not bear any form of warning labels, either written or pictorial, warning of said dangerous propensities. Accordingly, the subject dangerously unsafe chair was unreasonably dangerous to be in use by Plaintiff without a suitable warning. The foregoing defects in design were a legal cause of injury to Plaintiff.

38. Plaintiff's injuries as herein alleged, resulted from an unfortunate incident wherein the subject chair lacked from safety measures in a manner that was reasonably foreseeable by all Defendants, as herein alleged.

39. As a legal cause of Defendants' failures to warn, as herein alleged, Plaintiff sustained injuries and damages and was hurt and injured in her health, strength, and activity, sustaining injuries to her person and body in an amount according to proof at the time of trial.

40. As a legal cause of Defendants' failure to warn, as herein alleged, Plaintiff was compelled to employ health care providers, including but not limited to hospitals, physicians and surgeons, and will continue, in the future, to incur expenses for health care providers, and sustain other economic damages in an amount according to proof at the time of trial.

- 10 -

COMPLAINT FOR DAMAGES

41. As a legal cause of Defendants' failure to warn, as herein alleged, Plaintiff suffered a loss of earning capacity and will continue to suffer a loss of earning capacity in the future, the exact extent and amount of which is unknown to plaintiff at this time, but in an amount according to proof at the time of trial.

## DEMAND FOR JURY TRIAL

42. Plaintiff hereby requests a trial by jury.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.      All general damages according to proof at time of trial;

2.      All special damages, including all medical care, and treatment consequential and incidental expenses incurred, and all additional economic losses, according to proof at time of trial;

3.      For prejudgment interest, as determined and accrued according to applicable statutes;

4.      Costs of bringing this suit;

5.      Loss of earnings and earning capacity, as may be proven; and

6.      Such other and further relief as the Court deems just and proper.

DATED: January 6, 2026                                    LAW OFFICES OF DAVID AZIZI

By:      _David Azizi_____
                                              David Azizi, Esq.
                                              Jason Smith, Esq.
                                              Attorneys for Plaintiff

- 11 -

COMPLAINT FOR DAMAGES

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY
STATE BAR NUMBER: 198803
NAME: DAVID AZIZI, ESQ.
FIRM NAME: LAW OFFICES OF DAVID AZIZI
STREET ADDRESS: 4041 WILSHIRE BLVD., SUITE 200
CITY: LOS ANGELES    STATE: CA    ZIP CODE: 90010
TELEPHONE NO.: (310) 284-9600    FAX NO.: (888) 400-8944
EMAIL ADDRESS: mail@azizilawfirm.com
ATTORNEY FOR (name): PLAINTIFF, KIA AUGUILLARD

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/06/2026 5:38 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:
KIA AUGUILLARD v. WALMART INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000)    [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 26STCV00351<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

CM-010, Page 1 of 3



CM-010

2. Is this case complex under rule 3.400 of the California Rules of Court?    ☐ Yes    ☒ No

   If the case is complex, mark the factors requiring exceptional judicial management:

   a. ☐ Large number of separately represented parties

   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

   c. ☐ Substantial amount of documentary evidence

   d. ☐ Large number of witnesses

   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

   a. ☒ monetary

   b. ☐ nonmonetary; declaratory or injunctive relief

   c. ☐ punitive

4. Number of causes of action *(specify):* FIVE (5)

5. Is this case a class action suit?    ☐ Yes    ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 5, 2026

DAVID AZIZI, ESQ.
_____
          (TYPE OR PRINT NAME)

▶    *David Azizi*
_____
     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

---

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

---



CM-010

## CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property Damage/
      Wrongful Death
    Uninsured Motorist (46) *(if the case involves*
      *an uninsured motorist claim subject to*
      *arbitration, check this item instead of Auto)*
**Asbestos**
    Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/Wrongful Death
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
    Product Liability *(not asbestos or toxic/*
      *environmental)* (24)
    Medical Malpractice (45)
      Medical Malpractice–Physicians &
        Surgeons
      Other Professional Health Care
        Malpractice
    Other PI/PD/WD (23)
      Premises Liability (e.g., slip and fall)
      Intentional Bodily Injury/PD/WD (e.g.,
        assault, vandalism)
      Intentional Infliction of Emotional Distress
      Negligent Infliction of Emotional Distress
      Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest)
      *(not civil harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice *(not*
        *medical or legal)*
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
      Breach of Rental/Lease Contract *(not*
        *unlawful detainer or wrongful eviction)*
      Contract/Warranty Breach–Seller Plaintiff
        *(not fraud or negligence)*
      Negligent Breach of Contract/Warranty
      Other Breach of Contract/Warranty
    Collections (e.g., money owed, open book
      accounts) (09)
      Collections Case–Seller Plaintiff
    Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally*
      *complex)* (18)
      Auto Subrogation
      Other Coverage
    Other Contract (37)
      Contractual Fraud
      Other Contract Dispute
**Real Property**
    Eminent Domain/Inverse Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent*
        *domain, landlord-tenant, or*
        *foreclosure)*
**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal drugs,*
      *check this item; otherwise, report as*
      *Commercial or Residential)*
**Judicial Review**
    Asset Forfeiture (05)
    Petition re Arbitration Award (11)
    Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court Case
        Matter
      Writ–Other Limited Court Case Review
    Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor Commissioner
        Appeals
**Employment Development Department (EDD)**
    EDD Decision Review (48) *(if the case*
      *involves an Employment Development*
      *Department decision, check this item*
      *instead of Wrongful Termination or Other*
      *Employment)*

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court, rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Comprehensive Groundwater Adjudication
      (47)
    Insurance Coverage Claims *(arising from*
      *provisionally complex case type listed*
      *above)* (41)
**Enforcement of Judgment**
    Enforcement of Judgment (20)
      Abstract of Judgment (Out of County)
      Confession of Judgment *(non-domestic*
        *relations)*
      Sister-State Judgment
      Administrative Agency Award *(not unpaid*
        *taxes)*
      Petition/Certification of Entry of Judgment
        on Unpaid Taxes
      Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
      Declaratory Relief Only Injunctive Relief
        Only *(non-harassment)*
      Mechanic's Lien
      Other Commercial Complaint Case *(non-*
        *tort/non-complex)*
      Other Civil Complaint *(non-tort/non-*
        *complex)*
**Miscellaneous Civil Petition**
    Partnership and Corporate Governance (21)
    Other Petition *(not specified above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late Claim
      Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| KIA AUGUILLARD v. WALMART INC., et al. | 26STCV00351 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☑ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| KIA AUGUILLARD v. WALMART INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| KIA AUGUILLARD v. WALMART INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use                              AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| KIA AUGUILLARD v. WALMART INC., et al. | |

| | | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | | ☐ 4304 Election Contest | 2 |
| | | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| KIA AUGUILLARD v. WALMART INC., et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>AT OR NEAR S. FLOWER ST. & 7TH ST. |
|---|---|
| CITY: LOS ANGELES    STATE: CA    ZIP CODE: 90017 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __CENTRAL__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __01/05/2026__

*David Azizi*

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.



*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

---

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

---

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/06/2026**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ E. Galicia _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>26STCV00351 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Christopher K. Lui | 76 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 01/07/2026
(Date)                                                By E. Galicia _____, Deputy Clerk

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)     **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

# EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

FOR COURT USE ONLY

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse
111 North Hill Street,  Los Angeles, CA 90012

PLAINTIFF(S)/PETITIONER(S):

Kia Auguillard

DEFENDANT(S)/RESPONDENT(S):

Walmart Inc., et al.

**FILED**
Superior Court of California
County of Los Angeles

01/07/2026

David W. Slayton, Executive Officer / Clerk of Court

By: _____ S. Sato _____ Deputy

## CLERK'S CERTIFICATE OF SERVICE
## BY ELECTRONIC SERVICE

CASE NUMBER:

26STCV00351

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Notice of Case Management Conference of 01/07/2026**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Azizi, David" <mail@azizilawfirm.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address <u>eService-DoNotReply@lacourt.org</u> at the <u>Stanley Mosk Courthouse</u>, <u>111 North Hill Street</u>, <u>Los Angeles, CA 90012</u>.

Dated: <u>01/7/2026</u>

David W. Slayton, Executive Officer / Clerk of Court

By: <u> S. Sato </u>

Deputy Clerk

**Page 1 of 1**

**CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE**

LASC CIV 310 NEW 03/25
For Mandatory Use

Code of Civil Procedure § 1013b(4)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Law Offices of David Azizi<br>David Azizi, Esq. SBN 198803<br>4041 Wilshire Blvd., Suite 200<br>Los Angeles, California 90010<br>TELEPHONE NO: (310) 284-9600          FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  mail@azizilawfirm.com<br>ATTORNEY FOR *(Name)*:  Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>1/07/2026 5:31 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By P. Yap, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles |
|---|
| STREET ADDRESS:   111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:   Los Angeles, 90012<br>BRANCH NAME:   Los Angeles, 111 N. Hill Street (Central District) |

| PLAINTIFF / PETITIONER:   Kia Auguillard<br>DEFENDANT / RESPONDENT:   Walmart Inc., et al. | CASE NUMBER:<br>26STCV00351 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>14919565 (6059128) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. **[X]** Summons
   b. **[X]** Complaint
   c. **[X]** Alternative Dispute Resolution (ADR) Package
   d. **[X]** Civil Case Cover Sheet *(served in complex cases only)*
   e. **[ ]** Cross-Complaint
   f. **[X]** Other *(specify documents)*:    Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment
3. a. Party served *(specify name of party as shown on documents served)*:
      Walmart Inc.
   b. **[X]** Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      CT Corporation System - Jaqueline Mejia, Intake Specialist - Person Authorized to Accept Service of Process
4. Address where the party was served:
   330 N Brand Blvd, Glendale, California 91203
5. I served the party *(check proper box)*
   a. **[X]** **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   Wed, Jan 07 2026          (2) at *(time)*:   12:42 PM
   b. **[ ]** **by substituted service**. On *(date)*:                  at *(time)*:                  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) **[ ]** **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) **[ ]** **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) **[ ]** **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) **[ ]** I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:                  from *(city)*:                  or **[ ]** a declaration of mailing is attached.
      (5) **[ ]** I attach a **declaration of diligence** stating actions taken first to attempt personal service.

---

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER:    Kia Auguillard | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:    Walmart Inc., et al. | 26STCV00351 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:          (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify)*:

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify)*:    Walmart Inc.

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| ☐  other: | |

7.  **Person who served papers**

  a.  Name:          Zoe Roller

  b.  Address:       1400 North McDowell Blvd Suite 300, Petaluma, CA  94954

  c.  Telephone number:      800-938-8815

  d.  **The fee** for service was:    $50.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

        (i)  ☐ owner    ☐ employee    ☒ independent contractor

        (ii)  Registration No:    2023100296

        (iii)  County:    Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:    January 7, 2026

Zoe Roller
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)